*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

## UNITED STATES
Appellee

**v.**

## Daniel R. CSITI, Staff Sergeant
United States Air Force, Appellant

**No. 24-0175**
Crim. App. No. 40386

Argued February 25, 2025—Decided May 8, 2025

Military Judge: Colin P. Eichenberger

For Appellant: *Major Megan R. Crouch* (argued); *Lieutenant Colonel Allen S. Abrams*, and *Megan P. Marinos*, Esq.

For Appellee: *Major Jocelyn Q. Wright* (argued); *Colonel Matthew D. Talcott*, *Lieutenant Colonel Jenny A. Liabenow*, and *Mary Ellen Payne*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Judge JOHNSON joined.

————————

Judge MAGGS delivered the opinion of the Court.

A military judge sitting as a general court-martial found Appellant guilty of one specification of sexual assault in violation of Article 120(b)(3)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(3)(A) (2018), which prohibits committing a sexual act on a person who is incapable of consenting because of impairment by an intoxicant.[1] Appellant appealed to the United States Air Force Court of Criminal Appeals (AFCCA), contending, among other things, that the evidence was legally and factually insufficient. *United States v. Csiti*, No. ACM 40386, 2024 CCA LEXIS 160, at \*2, 2024 WL 1856678, at \*1 (A.F. Ct. Crim. App. Apr. 29, 2024) (unpublished). The AFCCA, however, rejected these contentions and affirmed. *Id.*, 2024 WL 1856678, at \*1.

We granted review of three issues:

> I. Whether the Court of Appeals for the Armed Forces has statutory authority to decide whether a conviction is factually sufficient.
>
> II. Whether Appellant's conviction for sexual assault is factually and legally insufficient because [the victim] was capable of consenting—and did consent—to sexual activity with Appellant.
>
> III. Whether the lower court erroneously interpreted and applied the amended factual sufficiency standard under Article 66(d)(1)(B), UCMJ, [10 U.S.C. § 866(d)(1)(B) (Supp. II 2019-2021)].

*United States v. Csiti*, 85 M.J. 139 (C.A.A.F. 2024) (order granting review).

For reasons explained below, we hold that this Court does not have statutory authority to review the factual sufficiency of the evidence. We also hold that the evidence is legally sufficient. We further hold that any misconception by the AFCCA about the amended standards applicable to

---

[1] The military judge found Appellant not guilty of two other specifications alleging violations of Article 120, UCMJ.

its factual sufficiency review was harmless. We therefore affirm the AFCCA's decision.

## I. Background

In May 2021, Appellant agreed to babysit A.H.'s son while she went out to a restaurant with friends. A.H. began drinking alcohol before leaving for the restaurant and then drank more at the restaurant. Although A.H. vomited while at the restaurant, she continued to drink. A friend of A.H. drove her home because she felt too intoxicated to drive herself. Upon arriving home, A.H. consumed more alcohol as she engaged in a conversation with Appellant. A.H. has no memory of what happened from that point in the evening until the next morning when she woke up naked in her bed with soreness around her vaginal area.

A week later, Appellant told A.H. what happened during the portion of the evening that she could not remember. A.H. used her phone to record Appellant's statements, which were later introduced at trial. Appellant informed A.H. that after their conversation, he helped her to go upstairs and go to bed. Appellant said that A.H. returned minutes later and conversed with him again in the kitchen. Appellant stated that while they were in the kitchen, A.H. leaned back while sitting on a chair and caused the chair to tip over and hit the wall. Appellant said that the two of them then moved to a couch, where they began discussing A.H.'s body. Appellant said that A.H. told him that "[her] body [was] not even that great," and he responded by saying her body was perfect.

Appellant stated that A.H. then said, "show me," and removed her pants and underwear. Appellant said that he and A.H. kissed. Appellant said that he then performed oral sex on A.H. for approximately one minute. Appellant stated that A.H. stopped the oral sex, saying that she needed to use the bathroom. Appellant said that he then assisted A.H. in putting on her pants and underwear. In recounting this information, Appellant told A.H. that he thought that she was "drunk." He also apologized, stating

3

that it was "my fault for not telling myself, 'No,' [and] to just back away from [it] instead."

On the basis of this evidence, the military judge found Appellant guilty of one specification of sexual assault in violation of Article 120(b)(3)(A), UCMJ, and sentenced Appellant to a dishonorable discharge, two years of confinement, a forfeiture of all pay and allowances, and a reduction to the lowest enlisted grade. The AFCCA affirmed, rejecting Appellant's contentions that the evidence was factually and legally insufficient to support the finding that he was guilty. *Csiti*, 2024 CCA LEXIS 160, at *2, 2024 WL 1856678, at *1. In considering the factual sufficiency of the evidence, the AFCCA endeavored to apply the recently amended version of Article 66(d)(1)(B), UCMJ (Supp. II 2019-2021). *See id.* at *9-12, 2024 WL 1856678, at *3-4. The AFCCA stated that the amendment imposes "a more deferential standard than [the prior law], but not one which deprives the [Court of Criminal Appeals (CCA)] of the power to determine the credibility of witnesses."[2] *Id.* at *19, 2024 WL 1856678, at *6 (citation omitted) (internal quotation marks omitted). The AFCCA additionally observed that "the significance of the credibility of particular witnesses or testimony will vary depending on the circumstances of the case." *Id.* at *19-20, 2024 WL 1856678, at *6. The AFCCA held that the evidence was factually sufficient, stating "we are not clearly convinced the military judge's findings of guilty were against the weight of the evidence." *Id.* at *23, 2024 WL 1856678, at *8.

## II. Discussion

The three granted questions concern the authority of the AFCCA to act under Article 66(d)(1)(B), UCMJ, and the

---

[2] In making this statement, the AFCCA relied on the decision of the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) in *United States v. Harvey*, 83 M.J. 685, 693-94 (N-M. Ct. Crim. App. 2023), which this Court set aside in *United States v. Harvey*, 85 M.J. 127 (C.A.A.F. 2024). In setting aside the NMCCA's decision, this Court did not specifically address the issue of whether the new standard is "more deferential."

authority of this Court to act under Article 67(c), UCMJ, 10 U.S.C. § 867(c) (Supp. II 2019-2021). Article 66(d)(1)(B), UCMJ, provides in relevant part:

> (B) FACTUAL SUFFICIENCY REVIEW.—(i) In an appeal of a finding of guilty under subsection (b), the Court [of Criminal Appeals] may consider whether the finding is correct in fact upon request of the accused if the accused makes a specific showing of a deficiency in proof.
>
> (ii) After an accused has made such a showing, the Court may weigh the evidence and determine controverted questions of fact subject to—
>
>> (I) appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence;
>
> . . . .
>
> (iii) If, as a result of the review conducted under clause (ii), the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may dismiss, set aside, or modify the finding, or affirm a lesser finding.

Article 67(c), UCMJ, states in relevant part:

> (c)(1) In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to—
>
>> (A) the findings and sentence set forth in the entry of judgment, as affirmed or set aside as incorrect in law by the Court of Criminal Appeals;
>>
>>> . . . or
>>
>> (C) the findings set forth in the entry of judgment, as affirmed, dismissed, set aside, or mod[i]fied by the Court of Criminal Appeals as incorrect in fact under section 866(d)(1)(B) of this title (article 66(d)(1)(B)).
>
> . . . .
>
> (4) The Court of Appeals for the Armed Forces shall take action only with respect to matters of law.

**A. Authority of this Court to Review Factual Sufficiency**

The first granted question is whether this Court "has statutory authority to decide whether a conviction is factually sufficient." Appellant urges us to answer this question in the affirmative. He asserts that we should interpret Article 67(c)(1)(C), UCMJ, as authorizing this Court to conduct a new weighing of the evidence and to come to its own conclusion as to whether a finding of guilty was against the weight of the evidence. We address this question de novo because it is a matter of statutory interpretation. *United States v. Kohlbek*, 78 M.J. 326, 330-31 (C.A.A.F. 2019).

Appellant contends that Article 67(c)(1)(C), UCMJ, authorizes "this Court [to] act with respect to any findings, reviewed by the AFCCA pursuant to 10 U.S.C. § 866(d)(1)(B), and affirmed as factually sufficient—which is what happened here." He reasons that for this Court to review the correctness of a CCA's factual sufficiency determination, the Court logically must conduct its own factual sufficiency review.

Appellant's argument has two difficulties. First, it is not entirely clear that Article 67(c)(1)(C), UCMJ, applies in a case in which the CCA has not held the findings to be "incorrect in fact."[3] Second, even if Article 67(c)(1)(C), UCMJ,

---

[3] Appellant argues that Article 67(c)(1)(C), UCMJ, unambiguously provides for factual sufficiency review in this case. But Article 67(c)(1)(C), UCMJ, authorizes this Court to act with respect to findings *"as affirmed*, dismissed, set aside, or mod[i]fied by the Court of Criminal Appeals *as incorrect in fact*." (Emphasis added.) The CCA in this case "affirmed" the finding of guilty but did not hold that finding was "incorrect in fact." Thus, if the provision is read literally, it does not apply in this case. Appellant, however, suggests that we interpret the words "incorrect in fact" as referring only to findings that are dismissed, set aside, or modified, and not to findings that are affirmed. Appellant asserts that this interpretation would "make sense" because "a CCA cannot affirm findings which are incorrect in fact." We need not decide whether to adopt Appellant's proposed interpretation in the case given the other difficulties with Appellant's arguments.

does apply and does authorize this Court to act in this case with respect to the findings, it does not expressly address the question of whether this Court may act with respect to both matters of fact and matters of law. That question is addressed in Article 67(c)(4), UCMJ, which provides: "The Court of Appeals for the Armed Forces shall take action only with respect to matters of law." This limitation is a roadblock to factual sufficiency review. When an appellant asks an appellate court to review the factual sufficiency of evidence, the appellant asks the appellate court to decide for itself whether the evidence presented at trial proves the elements of an offense. This is not a "matter of law" but is instead a "matter of fact." In assessing the factual sufficiency, the appellate court must decide what the facts are, as opposed to interpreting the law or deciding how the law applies. Accordingly, on the basis of Article 67(c)(4), UCMJ, we hold that this Court does not have authority to conduct a factual sufficiency review.[4]

Appellant attempts to escape this conclusion by asserting that Article 67(c)(1)(C), UCMJ, is "an exception" to Article 67(c)(4), UCMJ. To support this argument, Appellant emphasizes that the restriction on this Court's authority to review only matters of law predates Article 67(c)(1)(C), UCMJ, which was only added in 2021.[5] Appellant argues that if Congress had intended for the restriction on this Court's authority in Article 67(c)(4), UCMJ, to remain the same, then Congress would have had no reason to add

---

[4] Article 67(c)(4), UCMJ, would not prevent this Court from deciding whether a CCA has followed the requirements of Article 66, UCMJ, in conducting a factual sufficiency review because compliance with a statute is a matter of law. *See, e.g., Harvey*, 85 M.J. at 132 (holding that the CCA's opinion was not entirely consistent with what Article 66, UCMJ, requires).

[5] Article 67, UCMJ, has provided that this Court "shall take action only with respect to matters of law" ever since the UCMJ was first enacted. 50 U.S.C. § 654(d) (1952). Congress added Article 67(c)(1)(C), UCMJ, in 2021 in the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542(c)(3), 134 Stat. 3388, 3612.

Article 67(c)(1)(C), UCMJ. He asserts that Article 67(c)(1)(C), UCMJ, and Article 67(c)(4), UCMJ, can be made sensible by reading Article 67(c)(1)(C), UCMJ, to provide new authority to this Court to conduct factual sufficiency reviews.

We agree with Appellant's general point that "[w]hen Congress acts to amend a statute, [courts must] presume it intends its amendment to have real and substantial effect." *Stone v. INS*, 514 U.S. 386, 397 (1995). But we are still constrained by the language of the statute that we are interpreting. "Unless the text of a statute is ambiguous, the plain language of a statute will control unless it leads to an absurd result." *United States v. Schell*, 72 M.J. 339, 343 (C.A.A.F. 2013) (internal quotation marks omitted) (citation omitted). Here, we see no ambiguity in Article 67(c)(4), UCMJ, and interpreting that provision to prohibit this Court from engaging in factual sufficiency review is not absurd. Congress certainly could create an exception to Article 67(c)(4), UCMJ, if it so desired. But we see no way to read Article 67(c)(1)(C), UCMJ, as somehow implicitly creating such an exception.

Appellant also argues that when two statutory provisions conflict, the more specific provision should control. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183 (2012). Appellant asserts that Article 67(c)(1)(C), UCMJ, is more specific than Article 67(c)(4), UCMJ, and he therefore reasons that Article 67(c)(4), UCMJ, does not apply in this case. We disagree because, as we have stated above, we do not see an irreconcilable conflict between the two provisions. While Article 67(c)(1)(C), UCMJ, may authorize this Court to act, it does not expressly address the question of whether the Court may act with respect to both matters of fact and matters of law. Only Article 67(c)(4), UCMJ, addresses that issue.

### B. Factual and Legal Sufficiency

The second granted issue is "whether Appellant's conviction for sexual assault is factually and legally insufficient because [the victim] was capable of

consenting—and did consent—to sexual activity with Appellant." As we have just explained, Article 67(c)(4), UCMJ, prevents us from reviewing the factual sufficiency of the evidence. We therefore cannot answer that part of the granted issue. This Court, however, may review the "legal sufficiency of the evidence to support a finding that an appellant is guilty of an offense." *United States v. Mays*, 83 M.J. 277, 279 (C.A.A.F. 2023) (citing *United States v. Wilson*, 76 M.J. 4, 6 (C.A.A.F. 2017)).

We decide questions of legal sufficiency de novo. *United States v. Smith*, 83 M.J. 350, 359 (C.A.A.F. 2023) (citing *United States v. Robinson*, 77 M.J. 294, 297 (C.A.A.F. 2018)). Evidence is legally sufficient if "any rational fact-finder . . . could have found all essential elements of the offense beyond a reasonable doubt." *Mays*, 83 M.J. at 279 (alteration in original) (quoting *United States v. Nicola*, 78 M.J. 223, 226 (C.A.A.F. 2019)). In conducting a legal sufficiency review, the "Court must 'draw every reasonable inference from the evidence of the record in favor of the prosecution.'" *Id.* (internal quotation marks omitted) (quoting *United States v. Blocker*, 32 M.J. 281, 284 (C.M.A. 1991)).

To find an accused guilty of sexual assault in violation of Article 120(b)(3)(A), UCMJ, a court-martial must find beyond a reasonable doubt that the accused "commit[ted] a sexual act upon another person when the other person [was] incapable of consenting to the sexual act due to . . . impairment by any drug, intoxicant, or other similar substance, and that condition [was] known or reasonably should [have been] known by the [accused]." In this appeal, Appellant does not dispute that he committed a sexual act upon A.H. when he performed oral sex on her. But he argues that the evidence was legally insufficient to show that A.H. was incapable of consenting or that Appellant reasonably should have known that A.H. was incapable of consenting. He asserts that despite all her drinking, A.H. "walked and talked like she was giving consent to the brief oral sex that occurred on the night in question."

We are unpersuaded by Appellant's argument that the evidence was legally insufficient to prove that A.H. was

incapable of consenting due to impairment because of alcohol. The record contains evidence that A.H. drank before going to the restaurant, that she drank more at the restaurant, that she vomited, that she could not drive herself home, that she drank more when she returned home, that she had difficulty sitting on a chair, and that she could not form memories. Drawing every reasonable inference from this evidence in favor of the Government, we conclude that a rational factfinder could have found beyond a reasonable doubt that A.H. was incapable of consenting to the sexual act due to impairment by alcohol. The record also includes evidence that Appellant observed A.H.'s condition before the sexual act, that he thought she was drunk, and that he apologized for performing the sexual act on her when she was in that condition. Again, drawing every reasonable inference from this evidence in favor of the Government, we conclude that a rational factfinder also could have found beyond a reasonable doubt that A.H.'s condition was known or reasonably should have been known by Appellant. Therefore, regardless of whether we would have found the evidence factually sufficient, we hold that it was legally sufficient.

### C. Compliance with Article 66(d)(1)(B), UCMJ

The third assigned issue is "whether the lower court erroneously interpreted and applied the amended factual sufficiency standard under Article 66(d)(1)(B), UCMJ." Appellant contends that the AFCCA's decision is contrary to our recent decision in *Harvey* because the AFCCA incorrectly believed that the amended statute imposed a "more deferential standard" than the previous statute. Appellant asserts that this belief contradicts our statement in *Harvey* that "the degree of deference will depend on the nature of the evidence at issue." *Harvey*, 85 M.J. at 130. We review the AFCCA's *interpretation* of Article 66(d)(1)(B), UCMJ, de novo because that is a question of law. *Id.* at 129. We review the AFCCA's *application* of Article 66(d)(1)(B), UCMJ, for abuse of discretion. *Id.* at 131.

Before assessing Appellant's argument, we note that the AFCCA issued its opinion in this case before this Court

decided *Harvey*. Accordingly, it is not surprising that the AFCCA used language that did not exactly match the language this Court later used. We agree that what the AFCCA said about deference might be seen as an overstatement: deference is not necessarily greater under amended Article 66(d)(1)(B), UCMJ, because the degree of deference depends on the evidence at issue. We are, nevertheless, unpersuaded that this overstatement harmed Appellant.

A complete review of the AFCCA's opinion shows that the AFCCA expressly stated that "the significance of the credibility of particular witnesses or testimony will vary depending on the circumstances of the case." *Csiti*, 2024 CCA LEXIS 160, at *19-20, 2024 WL 1856678, at *6. While the AFCCA's general statement about deference may be an overstatement, this more specific statement is very similar to what this Court said in *Harvey* about the degree of deference depending on the nature of the evidence. Reviewing the Court's opinion, we see nothing to indicate an abuse of discretion by the AFCCA in determining what deference to give to the court-martial with respect to any of the evidence.

Appellant argues that we cannot be sure of this conclusion because the lower court offered no express analysis of how it came to its holding that the conviction was factually sufficient. In many cases, it is helpful for a CCA to explain its reasoning when addressing an issue. This Court, however, has made clear that CCAs are not required to state their reasoning for their decisions. *United States v. Reed*, 54 M.J. 37, 42-43 (C.A.A.F. 2000). Accordingly, we decline to set aside the AFCCA's decision on the ground that it did not fully explain its reasons for concluding that the evidence was factually sufficient.

### III. Conclusion

We answer the first granted question in the negative. To the extent that the second granted question asks whether the evidence was legally insufficient, we answer the question in the negative; to the extent that the second

issue asks whether the evidence was factually insufficient, we do not answer the question. We answer the third granted question in the negative. The decision of the United States Air Force Court of Criminal Appeals is affirmed.